| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| Mary C. Lawton,<br><br>    Plaintiff,<br><br>versus<br><br>Fort Dearborn Life Insurance Company,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action H-11-640 |

## Opinion on Dismissal

1.  *Introduction.*

    Mary Lawton says Fort Deerborn Life Insurance Company owes her disability benefits that she has been denied since January 2007. Lawton has not exhausted her administrative remedies, and has filed suit in the wrong court. Her suit will be dismissed.

2.  *Background.*

    Lawton was injured on or about July 5, 2005, and says she was disabled by this incident. She got short- and long-term disability through her employment with the Texas Department of Criminal Justice. The benefits are administered by Fort Dearborn Life Insurance – a firm designated by the Employees Retirement System of Texas to administer coverages, services, and benefits. Lawton appealed when her benefits were discontinued after a year-and-a-half in January of 2008; Fort Dearborn Life Insurance affirmed their decision two months later. Lawton had the right to pursue an appeal with the Employees Retirement System of Texas, and Fort Dearborn Life Insurance advised her of how to complete the appeals process and of the 90-day deadline. She did not appeal to Emergency Retirement System; she filed this lawsuit in Brazos County Court.

3.  *Emergency Retirement System Has Jurisdiction.*

    Under Texas law, the Emergency Retirement System Executive Director has authority over claims, like Lawton's, that fall under the Texas Employees Group Benefits Act; they have

sole jurisdiction over Lawton's appeal. If the Executive Director denies the appeal, the decision can be appealed to an administrative law judge. The Emergency Retirement System Board of Directors then considers the judge's recommendation and enters its final decision on the claim.

In several cases, the Texas Supreme Court has confirmed the Emergency Retirement System's exclusive control over available remedies to an employee, participant, annuitant, or dependent.[2] Lawton must first exhaust the mandatory and exclusive administrative process provided under the Act before seeking judicial review.

4.  *Incorrect Forum.*

Even if Lawton had gone through the administrative appeals process – which she did not – this would be the wrong forum in which to file suit. If, upon reaching the end of her possible administrative appeals, Lawton was to seek judicial review, she would have to file in Travis County.[3] Because Emergency Retirement System has exclusive jurisdiction over Lawton's claim, subject only to judicial review by a Travis county district court, the Court lacks jurisdiction.

5.  *Conclusion*

Lawton has not followed the correct administrative appeals process and has filed suit in the wrong forum. Her claim will be dismissed with prejudice.

Signed on October 4, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] TEX INS. CODE ANN. arts. 1551.003-.352 (West 2011).

[2] *See Sys. Of Tex. V. Blount*, 709 S.W.2d 646, 647 (Tex. 1986); *Blue Cross Blue Shield of Texas v. Duenez*, 201 S.W.3d 674, 676 (Tex. 2006).

[3] § 1551.359